**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| JOHN PAUL, JR.,<br># 174114 | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-150 |
| | § | |
| JERRY NASH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff John Paul, Jr. (#174114) filed this civil rights suit under 42 U.S.C. § 1983 while incarcerated at the Brazoria County Detention Center. Paul proceeds *pro se* and seeks leave to proceed *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

## I. <u>BACKGROUND</u>

Plaintiff filed this civil action on April 30, 2019 and, as instructed by the Court, filed an amended complaint on the Court's form (Dkt. 9). Plaintiff's complaint brings claims against West Columbia Police Department and two of its officers, Jeremy Nash and Corporal Harwell, in connection with Paul's arrest on drug charges on November 21,

2017.  On March 20, 2019, Plaintiff filed a separate action, *Paul v. Yenne*, Civil Action No. 3:19-126, bringing claims against the Brazoria County District Attorney in connection with his prosecution in Case No. 83239-CR for the same drug charges.

In his complaint, Paul states that Nash and Harwell arrested him on November 21, 2017 and charged him "with a felony offense of manuf[acturing]/delivery of a controlled substance" and a marijuana misdemeanor (Dkt. 9, at 4).  He alleges that Nash "did track down, pursue, f[ol]lowed the Plaintiff in efforts to overtake him" (*id.*).  He alleges that Nash and Harwell "did detain, search and seize and then arrest the Plaintiff by patting down . .. [Plaintiff's] clothes, shoes, etc." and "probing through the windows with [their] hands and then a flashlight, then entering the vehicle and moving items around, tossing and turning things over and around" (*id.*).  He claims that Nash and Harwell did "all these things without a warr[a]nt or probable cause" in violation of Plaintiff's federal and state constitutional rights (*id.*).  Paul seeks injunctive, declaratory, and monetary relief from this Court, including "full dismissal of the charges currently pending" against him in Case No. 83239-CR (*id.*; Dkt. 9-1, at 7).

Publicly available online criminal records regarding Case No. 83239-CR reflect that on May 13, 2019, Paul pleaded guilty to possession of a controlled substance and was sentenced to four years in the Texas Department of Criminal Justice–Correctional Institutional Division ("TDCJ").  *See State of Texas v. John Paul, Jr.*, Case No. 83239-CR, 300th District Court of Brazoria County, Texas (available at https://pubweb.brazoriacountytx.gov/PublicAccess/default.aspx) (last visited June 21,

2019).  Judgement was entered on May 28, 2019 (*id*.).  TDCJ's publicly available online records indicate that Paul is now incarcerated in TDCJ rather than Brazoria County Jail.

## II.  <u>STANDARD OF REVIEW</u>

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   DISCUSSION

Paul alleges that Defendants violated his constitutional rights during his arrest on November 21, 2017, and seeks full dismissal of the related criminal charges against him in Case No. 83239-CR in the 300th District Court of Brazoria County, in addition to monetary damages and other relief.   Although public records indicate that the trial court entered judgment against Paul on May 28, 2019, the status of an appeal by Paul, if any, is unclear.

To the extent Paul requests that this Court intervene in ongoing state criminal proceedings, the Court must abstain under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971).  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016).  *Younger* abstention applies in three "exceptional categories" of state proceedings:   ongoing state criminal prosecutions; certain civil enforcement proceedings akin to criminal prosecutions, and "pending civil proceedings . . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint*, 571 U.S. at 78 (internal citation and quotation marks omitted).   When a case falls into these categories, the court potentially invoking *Younger* considers "whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges."  *Google*, 822 F.3d at 222 (internal citations, quotation marks, and alteration omitted).   State criminal proceedings pertaining to Paul implicate Texas's important interests in enforcement of its criminal laws.  *See RTM Media, L.L.C. v City of Houston*, 584 F.3d 220, 228 & n.11 (5th Cir. 2009).  Moreover, the state court proceedings provide

an adequate forum to raise the constitutional claims Paul brings in this suit regarding Nash and Harwell's conduct during the arrest and the alleged absence of probable cause. *See Google*, 822 F.3d at 222. Plaintiff's request for injunctive relief therefore will be denied under *Younger*.

Additionally, even if state proceedings are no longer ongoing, Paul's claims for relief are barred. Under *Heck v. Humphrey*, a claim under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Paul sues the two arresting officers and the West Columbia Police Department alleging, among other things, that the officers lacked probable cause to arrest him. He seeks dismissal of the criminal charges against him in Case No. 83239-CR (Dkt. 9, at 4; Dkt 9-1, at 7). Public court records do not reflect, and Paul does not claim, that his sentence in Case Number 83239-CR has been invalidated or otherwise set aside. Absent

this showing, the rule in *Heck* precludes any claim for damages, as well as any claim for declaratory or injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc). Therefore, Paul's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claims must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV.   **CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1.   This civil action is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2.   All pending motions are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 24th day of June, 2019.

George C. Hanks Jr.
United States District Judge